UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RENATA COLON,

                          Plaintiff,

    -against-

ARTHUR COLON, IBM, and
TD AMERITRADE,

                          Defendants.

----------------------------------------------------------------X

ORDER OF DISMISSAL

12 Civ. 5179 (CS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-12

CATHY SEIBEL, United States District Judge:

    Plaintiff brings this *pro se* action alleging that the Defendant Arthur Colon forged Plaintiff's signature in order to transfer jointly held money and stock into his personal account. The Court dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss *sua sponte* a complaint for which plaintiff has paid the filing fee where plaintiff presents no arguably meritorious issue. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (district court may dismiss frivolous complaint *sua sponte* even when plaintiff has paid required filing fee); cf. Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (*per curiam*) (discussing appellate court's inherent authority to dismiss meritless and/or frivolous fee-paid cases). While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted "to raise the strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475-76 (2d Cir. 2006) (*per curiam*) (internal quotation marks omitted).

Courts have an independent obligation to consider, on their own motion, whether or not subject matter jurisdiction exists. See, e.g., Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 287 (2d Cir. 2011).

## BACKGROUND

The Plaintiff alleges that she and Defendant Arthur Colon shared joint TD Ameritrade and IBM Compushare accounts as of September 2007. (Compl. at 3.) On September 7, 2007, Mr. Colon allegedly forged the Plaintiff's signature in order to transfer funds and stocks out of these accounts and into an account that Mr. Colon held exclusively. (Id.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when "diversity" exists – that is, when the plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (Section 1332). To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of N.Y. v. White, 528 F.2d 336, 338 (2d Cir. 1975). To invoke diversity jurisdiction, there must be more than $75,000 in dispute and the parties' diversity of citizenship must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).

The Complaint purports to state a state law claim for fraud. (Compl. at 2.) This tort is not a federal cause of action—there is no constitutional provision, federal law or treaty permitting recovery for fraud as alleged in the Complaint. Therefore, this claim does not present the federal question required by 28 U.S.C. § 1331 as a basis for this Court's subject matter

jurisdiction. Furthermore, the Court does not have diversity jurisdiction over this claim because less than $75,000 is in dispute[1], and the Plaintiff and two of the Defendants are citizens of New York State. (Id. at 2, 4.) There does not appear to be any other basis for jurisdiction over Plaintiff's tort claim. The Complaint must therefore be dismissed for lack of subject matter jurisdiction.

A *pro se* plaintiff must be given leave to amend her complaint at least once "unless the court can rule out any possibility, however unlikely it may be, that an amended complaint would succeed in stating a claim." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). For the reasons discussed above, there is no possibility that an amendment to the Complaint would succeed in stating a claim over which this Court would have jurisdiction. Even if Plaintiff were to drop the parties residing in New York and sue only TD Ameritrade, the amount in controversy is still substantially less than $75,000. Accordingly, the Complaint will be dismissed without leave to amend. Plaintiff will have to pursue these claims in another forum.

## CONCLUSION

The Complaint is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: July 18, 2012
       White Plains, New York

*Cathy Seibel*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
CATHY SEIBEL
United States District Judge

---

[1] The value of the TD Ameritrade account was, according to the Complaint, $16,259.09. (Compl. at 2.) The IBM shares at issue apparently total 300. (Compl. Ex. B1.) IBM shares never got above $122 in 2007, per historical prices for IBM obtained from yahoo.com (*see* http://ca.finance.yahoo.com/q/hp?s=IBM&a=00&b=1&c=2007&d=00&e=1&f=2008&g=d) (last visited July 17, 2012), so the total value of the shares and funds involved would be less than $53,000.